# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2022

Lyle W. Cayce
Clerk

No. 21-11037
Summary Calendar

New York Life Insurance and Annuity Corporation,

*Plaintiff—Appellee*,

*versus*

Bob Shelton, as Trustee of Barbara Jean Brown Living
Trust DTD 5/29/2018,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-490

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

In this concursive proceeding filed by New York Life Insurance and Annuity Corporation ("NYLIAC"), the court overruled the defendant, Bob Shelton's objection to the concursive proceeding, and denied the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-11037

defendant's motion to file a counterclaim for penalties and attorneys' fees and awarded attorneys' fees of $5,000 to plaintiff against Shelton. We affirm.

I.

Plaintiff, NYLIAC, filed this concursive proceeding to determine the party to whom it owed the proceeds of two annuity policies on the life of Barbara Jane Brown. The policies named two trustees as beneficiaries: the first named "Barbara Brown Family Trust" and was dated March 10, 2010; the second trust was dated September 30, 2010 and was styled, "The Barbara Jane Brown Living Trust."

The insured, Barbara Jane Brown, died in 2018. Defendant, Bob Shelton, as trustee of a third trust, "The Barbara Jean Living Trust" dated May 29, 2018 ("the 2018 trust") asserted a claim to the death benefits. He represented that the 2018 trust under which he claimed was the only trust in existence and that it superseded all other trusts.

NYLIAC made repeated efforts to obtain from Shelton a copy of the May 29, 2018 trust to verify that it did indeed supersede all other trusts and he was entitled to the proceeds of the NYLIAC policies. NYLIAC made numerous requests to furnish the 2018 trust documents. Shelton refused to respond to these requests and declined to provide the support demonstrating that the trust under which he claimed was the proper beneficiary of the policies. NYLIAC also offered to pay the proceeds of the 2018 trust to Shelton if he would sign a release and indemnity agreement to protect NYLIAC against any future claims that might be made for the proceeds. None of these efforts were fruitful, and after Shelton threatened suit, NYLIAC filed this concursive proceeding to determine the proper party entitled to the proceeds of the policy.

After the proceeding was filed, Sharon and Ken Britton ("The Brittons") appeared in the action alleging they were co-trustees of one of the

No. 21-11037

trusts created by the insured.  However, in May, 2021, the Brittons agreed for the proceeds to be distributed to the 2018 trust.

In July, 2021, Shelton moved to file a counter-claim against NYLIAC for penalties under §542.058 of the Texas Insurance Code for delaying payment of the proceeds of the policies to him.  The district court denied leave to file the counterclaim on grounds that it would be futile given the failure of Shelton to provide supporting documentation to NYLIAC demonstrating he was indeed the beneficiary of a trust that succeeded to the rights of all trusts named of record as beneficiaries of the policy proceeds.

Relatedly, the district court overruled Shelton's objection to the concursive proceeding based on the fact that he failed to provide the documentation or cooperate with NYLIAC to establish that the 2018 living trust was entitled to the proceeds.

NYLIAC also moved for attorneys' fees, and the district court, in its discretion, granted the request and awarded $5,000 in fees for the defendant's failure to provide documentation necessary for NYLIAC to determine to whom the proceeds were owed.

The district court then granted a joint motion of the parties to pay the proceeds (less the $5,000 attorneys fee assessed against defendant) to the 2018 trust.

## II.

Based on our review of the record, we agree with the district court's conclusion that NYLIAC correctly utilized the concursive proceeding to have the court determine the party entitled to the proceeds of the NYLIAC policy.  This proceeding was made necessary by the refusal of defendant to furnish documentation to NYLIAC demonstrating that the 2018 trust was entitled to the proceeds.  For essentially the same reason, we also agree that

No. 21-11037

the district court did not abuse its discretion in assessing attorneys' fees against the defendant and denying him permission to file his counterclaim for penalties for failure to timely pay over the proceeds. We otherwise find no reversible error in the district court's order.

For these reasons and those stated by the district court in its careful order of September 14, 2021, we AFFIRM the district court's judgment.